IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD SHAW, and<br>BRENDA SHAW, | : | 4:14-CV-1965 |
| Plaintiffs, | : | (Judge Brann) |
| v. | : | |
| DAVID MCGUINN,<br>KOVASCHETZ TRUCKING, *LLC*,<br>KOVASCHETZ TRANSPORT, *LLC*,<br>KOVASCHETZ SERVICE CENTER:<br>*LLC*, and<br>NATIONAL LIABILITY AND<br>FIRE INSURANCE COMPANY | : | |
| Defendants. | : | |

**M E M O R A N D U M**

September 4, 2015

**I. BACKGROUND:**

The Plaintiffs in this matter, husband and wife Richard and Brenda Shaw, residents of the State of New York, instituted this action on October 9, 2014, after being injured in an automobile accident in Northumberland County, Pennsylvania. Plaintiffs allege that Defendant David McGuinn, a resident of the Commonwealth of Pennsylvania, was the operator of a tractor-trailer that allegedly caused the automobile accident.

The other named Defendants are Kovaschetz Trucking, LLC, a State of

1

Nevada and Commonwealth of Pennsylvania company, the employer of Mr. McGuinn and the owner of the tractor-trailer he was operating; Kovaschetz Transport, LLC, a Commonwealth of Pennsylvania company; Kovaschetz Service Center, LLC, a Commonwealth of Pennsylvania company, (hereinafter collectively "Kovaschetz"); and Kovaschetz's insurer, National Liability and Fire Insurance Company (hereinafter "National") a State of Nebraska company.

The complaint, ECF No. 1, sounds in twenty counts. On December 16, 2014, National filed a motion to dismiss the only count against it, Count XX. ECF No. 6. The motion has been fully briefed and is ripe for disposition. For all of the following reasons, the motion will be granted

## II. DISCUSSION:

### A. Motion to Dismiss Standard

National brought its motion to dismiss pursuant to both Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief can be granted. For the foregoing reasons, the motion is disposed of pursuant to Rule 12(b)(1).

*Federal Rule of Civil Procedure 12(b)(1):*

"If a party asserts several objections and defenses to a complaint, including a

F.R.C.P. 12(b)(1) defense for lack of subject matter jurisdiction, "the cases are legion stating that the district court should consider the Rule 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge."" *Scanlin v. Soldiers & Sailors Mem'l Hosp.*, No. 4:06-CV-01915, 2007 WL 141014, at *2 (M.D. Pa. Jan. 17, 2007) (McClure, J.) *citing* 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1350 at 154-55 (2004); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998).

Additionally, "[t]he procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different" from the familiar procedure under Rule 12(b)(6). *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "At the outset we must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Id.* "The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true." *Id.* "The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56." *Id.* "Because at issue in a factual

12(b)(1) motion is the trial court's jurisdiction (its very power to hear the case) there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id,* (brackets added). "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* "Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

### B. Allegations in the Complaint

On March 25, 2013, Mr. Shaw was driving the couple's vehicle, a Ford Mustang, with Mrs. Shaw seated in the passenger's seat of the vehicle while traveling along Route 54 in Ralpho Township, Northumberland County, Pennsylvania. The vehicle was at a complete stop waiting to make a left turn. Mr. McGuinn was operating a Kenworth tractor-trailer and collided with the Shaw's stopped Mustang. The force of the collision pushed the Shaws' vehicle into another automobile, and pushed that vehicle into a third automobile.

Unfortunately for all involved, Kovaschetz Trucking was uninsured at the time, as National had issued a Notice of Cancellation to Kovaschetz Trucking on February 14, 2013, which was effective March 22, 2013. Plaintiffs assert that the policy should not have been cancelled as Kovaschetz Trucking did not receive

proper notice because National allegedly mailed the notice of cancellation to Kovaschetz to the wrong address. Plaintiffs also allege that subsequent to the accident at issue here, Kovaschetz Trucking improperly and fraudulently transferred its assets to Kovaschetz Transport and Kovaschetz Service Center.[1]

### C. Analysis

Count XX is a request by Plaintiffs that this Court enter a declaratory judgment in their favor against National. "Declaratory judgment acts are procedural rules; therefore, in a diversity case, the Federal Declaratory Judgment Act applies." *Travelers Indem. Co. of Connecticut v. Bowling Green Professional Associates, PLC*, 440 F.Supp.2d 652 (W.D. KY 2006) (reversed on other grounds). Congress enacted the Federal Declaratory Judgments Act in 1934. The act states:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading,

---

[1] Perhaps not surprisingly, the Kovaschetz Defendants have not defended here. Default has been entered against all three, and Plaintiffs have pending motions for default judgment which will be granted in a separate memorandum opinion and order.

may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

"With respect to the reason for the Federal Declaratory Judgment Act, it has been variously said that its purpose is to afford one who is threatened with liability an early opportunity to determine his rights by forcing his adversary to come into court and assert his claim, without waiting until it pleases him to institute an action to recover, thus minimizing the danger of loss; to provide a remedy to one who otherwise could not have his status adjudicated until his adversary took the initiative, and to avoid multiplicity of suits and bring about a speedy termination of the controversy; and to adjudicate rights of parties who have not otherwise been given an opportunity to have those rights determined. It has been said that the remedy afforded by the Declaratory Judgment Act should be applied liberally wherever it will result in setting the controversy at rest either more speedily or more economically."

142 A.L.R. 8 (internal citations omitted)

Declaratory judgments are proper, *inter alia*, to determine that an insurance

policy is valid and in force[2] and to declare at the suit of injured persons the liability of an insurer to pay the judgment obtained against the insured.[3] However, when there is no dispute between the insurer and the insured as to liability for the claimed injuries of a third party, courts have held that there is no justiciable controversy.[4] *See Casualty Ins. Co. v. Marr,* 98 F2d 973 (10th Cir. 1938) (writ of certiorari denied in (1938) 305 U.S. 652, 83 L. Ed. 422, 59 S. Ct. 245, rehearing denied in (1938) 305 U.S. 675, 83 L. Ed. 437, 59 S. Ct. 251) (insurer and insured jointly claimed that no accident happened, accordingly, insurer's claim of nonliability under automobile liability policy based upon insured's alleged failure to give notice of the accident presented no controversy); *Maryland Casualty Co. v. Boyle Constr. Co.,* 123 F2d 558 (4th Cir. 1941) (declaratory action could not be maintained, since, *inter alia,* there was no controversy between the plaintiff insurer and the insured); *Columbia Casualty Co. v. Thomas*, 101 F.2d 151 (5th Cir. 1939), *Hartford Acci. & Indem. Co. v. Smith*, 41 F. Supp. 692 (S.D. IA 1941) (no

---

[2] *See, e.g., GE Life and Annuity Assurance Co. v. Barbour*, 191 F.Supp2d 1375 (M.D. GA 2002).

[3] *See, e.g., Equitable Life Assur. Soc. v. Hemenover*, 67 P.2d 80 (Co. S.Ct. 1937).

[4] *See also, Baal Corp. v. Conn. Indem. Co.,* 2001 U.S. Dist LEXIS 11727 (E.D. Pa. 2001) (holding that plaintiff who was "not a third-party beneficiary of the policy of insurance [] lacks standing to be part of this action for declaratory judgment.)

justiciable controversy between the insurer and insured where the only apparent controversy was between the insured and the insurer on the one side and the injured persons on the other).

 Be that as it may, "[w]ith respect to the obligation to pay any judgment, the same is not yet in existence, may never be in existence and in any event such obligation is between the insured and the Defendant." *Cross v. Occidental Fire & Casualty Co.*, 347 F. Supp. 342, 343-344 (W.D. Okla. 1972). "The only way Plaintiff, once possessed of the judgment, can come at the Defendant is indirectly on the basis of a right of the insured against its insurer through the device of garnishment." *Id.* "The only parties between whom an actual controversy presently exists with respect to eventual liability to Plaintiff are the Defendant and its insured." *Id.* "The best that can be said on this point is that Plaintiff's claim is potential and contingent." *Id.* "There is no actual controversy between Plaintiff and Defendant on the obligation to pay at this time, notwithstanding Defendant's advance refusal." *Id.* "Plaintiff has no present adverse legal interest in the obligations of the Defendant to its insured." *Id.* "All the legal interests presently possessed by the Plaintiff, as disclosed by his pleadings, are related to the alleged tortious acts of the insured, not the Defendant." *Id.* "All the legal interests Defendant presently possesses are related to the contract of insurance it has with

its insured." *Id.* "Plaintiff's interests all arise out of a claimed tort; Defendant's interests all arise out of an insurance contract and the two have separate and independent bases." *Id.*

In the matter at hand, the Shaws are the third party, Kovaschetz is the insured and National the insurer. There is presently no judgment against Kovaschetz in either federal or state court. Accordingly, as a third party with no judgment against the insured, under the Federal Declaratory Judgments Act there is presently no <u>actual controversy</u> between the Shaws and National for the undersigned to entertain subject matter jurisdiction. However, the action will be dismissed without prejudice, for, if and when the time arises that the Shaws do obtain a judgment in their favor and against Kovaschetz, then they may bring a declaratory judgment action against National.

In light of the fact that the motion has been decided pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court need not turn to the 12(b)(6) arguments.

## III. CONCLUSION:

Defendant National Liability and Fire Insurance Company's Motion to Dismiss will be GRANTED and the action will be dismissed without prejudice as to it.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge